IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>(COUNTS ONE, TWO, and THREE)<br>[2] GERALDO ESPINAL GARCIA,<br>a/k/a "Viejo"<br>(COUNT ONE)<br>[3] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>(COUNT ONE and FOUR)<br>[4] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>(COUNT ONE)<br>[5] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>(COUNT ONE, TWO, THREE, and FOUR)<br>[6] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,<br>(COUNT ONE)<br>[7] ▓▓▓▓▓▓▓▓▓▓▓▓<br>(COUNT ONE)<br><br>Defendants. | INDICTMENT<br><br>**FILED UNDER SEAL**<br><br>CRIMINAL NO. 20-452 (SCC)<br><br>Violations:<br><br>(COUNT ONE)<br>Title 21, United States Code, Sections 959, 960(a)(1) and 963.<br><br>(COUNT TWO, THREE, & FOUR)<br>Title 21, United States Code, Section 959 and Title 18, United States Code, Section 2.<br><br>**Narcotics Forfeiture Allegation**<br>Title 21, United States Code, Sections 853 and 970.<br><br>OUR CASE NO:21-6190-JMS |

THE GRAND JURY CHARGES:

### COUNT ONE

**International Controlled Substance Distribution Conspiracy**
(Title 21, United States Code, Section 959, 960 & 963)

Beginning on or about the year 2014, the exact date being unknown to the Grand Jury, and continuing up to on or about May 23, 2018, in the country of the Dominican Republic, in the District of Puerto Rico, and elsewhere,

[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

United States of America vs.
▮▮▮▮▮▮▮▮▮▮ et al.



[2] GERALDO ESPINAL GARCIA,
[3] ▮▮▮▮▮▮▮▮▮▮
[4] ▮▮▮▮▮▮▮▮▮▮
[5] ▮▮▮▮▮▮▮▮▮▮
[6] ▮▮▮▮▮▮▮▮▮▮
[7] ▮▮▮▮▮▮▮▮▮▮

the defendants, did knowingly and intentionally, combine, conspire, confederate and agree with each other, and with other diverse persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to distribute a controlled substance, intending, knowing or having reason to believe, that such substance would be unlawfully imported into United States from a place outside thereof, which offense involved, in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; and in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in violation of Title 21, United States Code, Sections, 959, 960(b)(1), & 963.

## I. OBJECT OF THE CONSPIRACY

The object of the conspiracy was the transportation and distribution of controlled substances from the Dominican Republic to Puerto Rico, all for significant financial gain and profit.

## II. MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the co-defendants and co-conspirators would accomplish and further the object of the conspiracy, among others, included the following:

1. It was part of the manner and means of the conspiracy that the co-defendants and their co-conspirators would ship narcotics inside of beauty supplies via the Kydon ferry (operated by Ferries del Caribe) traveling from the Dominican Republic to Puerto Rico.

United States of America vs.
███████████ et al.

2. It was further part of the manner and means of the conspiracy that the co-defendants and their co-conspirators had significant ties to drug trafficking organizations and would act in different roles in order to further the goals of the conspiracy, that is: suppliers, transporters, sellers, and facilitators.

3. It was further part of the manner and means of the conspiracy that a specific group of co-defendants and co-conspirators were responsible for providing the controlled substances that were to be transported to Puerto Rico.

4. It was further part of the manner and means of the conspiracy that co-defendants and co-conspirators were responsible for weighing and packaging the controlled substances in a manner that facilitated the concealment of the controlled substances in order to evade detection.

5. It was further part of the manner and means of the conspiracy that the co-defendants and co-conspirators utilized a company that frequently shipped beauty supplies to Puerto Rico, such as shampoo and conditioner, among other items. The company's principal form of transporting the beauty supplies was through the Kydon ferry.

6. It was further part of the manner and means of the conspiracy that the co-defendants and co-conspirators began utilizing the beauty supply company to facilitate the transportation of controlled substances. Specifically, the co-defendants and co-conspirators would package and wrap the controlled substances in order to conceal the same within the bottles and containers of the beauty products.

7. It was further part of the manner and means of the conspiracy that the co-defendants and co-conspirators would transport the concealed controlled substances through the Kydon ferry from the Dominican Republic to Puerto Rico.

United States of America vs.
██████████████ et al.

8. It was further part of the manner and means of the conspiracy that some of the co-defendants and co-conspirators would receive the controlled substances hidden in the beauty supplies from the Kydon ferry and delivery them to diverse locations in Puerto Rico.

## COUNT TWO
### International Distribution of Heroin
(Title 21, United States Code, Section 959)

On or about January 31, 2018, in the country of the Dominican Republic, the United States and elsewhere,

[1] ██████████████████████████",
[6] ██████████████████████████

the defendants, aiding and abetting each other, and with other diverse persons known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, intending, knowing or having reason to believe, that such substance would be unlawfully imported into the United States, from outside thereof, which offense involved, a mixture or substance containing a detectable amount of heroin, a schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(3), and Title 18, United States Code, Section 2.

## COUNT THREE
### International Distribution of Cocaine
(Title 21, United States Code, Section 959)

On or about February 8, 2018, in the country of the Dominican Republic, the United States and elsewhere,

[1] ██████████████████████████
[6] ██████████████████████████

the defendants herein, aiding and abetting each other, and with other diverse persons known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, intending,

United States of America vs.
███████████ et al.

knowing or having reason to believe, that such substance would be unlawfully imported into the United States, from outside thereof, which offense involved, in excess of five hundred (500) grams of a mixture of substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(2), and Title 18, United States Code, Section 2.

### COUNT FOUR
### International Distribution of Cocaine
### (Title 21, United States Code, Section 959)

On or about May 23, 2018, in the country of the Dominican Republic, the United States and elsewhere,

[3] ███████████████████████████
[4] ███████████████████████████

the defendants, aiding and abetting each other, and with other diverse persons known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, intending, knowing or having reason to believe, that such substance would be unlawfully imported into the United States, from outside thereof, which offense involved, in excess of five hundred (500) grams of a mixture of substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(2), and Title 18, United States Code, Section 2.

### NARCOTICS FORFEITURE ALLEGATION

1. The allegations contained in Counts ONE through FOUR of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Sections 853 and 970.

United States of America vs.
█████████ et al.

2. Pursuant to Title 21, United States Code, Sections 853 and 970, upon conviction of any offense in violation of Title 21, United States Code, Section 963, and 959, all defendants named in the instant indictment, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

3. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

LEFT BLANK INTENTINALLY

United States of America vs.
██████████ et al.

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Sections 853 and 970.

TRUE BILL

FOREPERSON
Date: _

W. STEPHEN MULDROW
United States Attorney

_____
Max Pérez-Bouret
Assistant United States Attorney
Chief Tansnational Organized Crime Section

_____
Vanessa E. Bonhomme
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section

_____
John P. Hutchins III
Assistant United States Attorney
Transnational Organized Crime Section